UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY N. MATHEWS,

                Plaintiff,                            Case No: 16-13958

v.                                              HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING
REPORT AND RECOMMENDATION (Doc. 27), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 28),
DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 20),
GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 25),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>**

## I. INTRODUCTION

This is a Social Security case. Plaintiff Gregory N. Mathews (Mathews) appeals the final decision of the Commissioner of Social Security (Commissioner) denying his application for Disability Insurance Benefits (DIB). Mathews claims that he has been disabled since January 1, 2007 due to degenerative disc disease of the neck and back, multiple disc herniations, stenosis of the back and neck, and Attention Deficit Disorder (ADD).

The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). After the MJRR recommended that Mathews' motion be denied and the Commissioner's motion

be granted, Mathews filed timely objections. For the reasons that follow, the Court overrules Mathews' objections, adopts the MJRR, denies Mathews' motion for summary judgment, grants the Commissioner's motion, and affirms the administrative law judge's (ALJ) decision denying benefits.

## II. BACKGROUND

### A. Procedural History

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. A brief history of the procedural posture follows.

Mathews applied for DIB on January 21, 2014. He alleged disability as of January 1, 2007.

When the Commissioner denied these claims, Mathews requested a hearing. On July 15, 2015, Mathews appeared with counsel before an ALJ. At the hearing, Mathews testified on his own behalf. In addition, a vocational expert (VE) offered testimony.

The ALJ issued a written decision denying Mathews' claims upon finding that Mathews was not disabled as of June 30, 2014, the date last insured for DIB.

The Appeals Council denied Mathews' request for review, rendering the decision of the Commissioner final. Mathews appeals from that decision.

### B. The ALJ's Decision

The MJRR summarized the ALJ's decision denying benefits:

Citing the medical records, ALJ Perez determined that through the date last insured of June 30, 2014, Plaintiff experienced the severe impairment of "degenerative disc disease" but that the condition did not meet or medically equal one of the impairments found in 20 C.F.R. Part 404 Appendix 1 Subpart P (Tr. 16-17). The ALJ found that Plaintiff retained the

Residual Functional Capacity to perform semiskilled, sedentary work with the following limitations:

> Claimant [can] occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; never climb ladders, ropes or scaffolds and he is limited to semiskilled work.

Citing the VE's job findings, the ALJ found that although Plaintiff was unable to perform any past relevant work, he could perform the exertionally sedentary, unskilled work of a lobby/gate attendant; document scanner; parking facility cashier; and assembler.

The ALJ discounted Plaintiff's alleged degree of limitation. He cited the December, 2012 and January, 2013 physical therapy records, noting that Plaintiff characterized his physical problems as "slight back issues[.]" The ALJ acknowledged "remarkable diagnostic scans," but concluded that the physical examinations for that period "were not significantly remarkable[.]"

The ALJ noted that the February and April, 2014 treating records documented that Plaintiff owned "his own used car dealership, despite no reported earnings[.]" He acknowledged that May, 2014 records supported the need for a microdiscectomy but that the procedure was completed the following month. The ALJ noted that fusion surgery was recommended subsequent to the date last insured of June 30, 2014.

In addition, the ALJ provided the following explanation for his RFC assessment:

> I considered all the evidence during the relevant period, including his pain exacerbations and his treatment, including back surgery with improvement prior the date last insured expiring. I find a less than sedentary residual functional capacity appropriate. I also considered Claimant's pain complaints by limiting him to semi-skilled tasks.

### C. The Parties' Arguments on Summary Judgment

### 1. Mathews' Arguments

Mathews made two arguments to show that the ALJ's decision was not supported by substantial evidence. First, Mathews said that the RFC crafted by the ALJ had no support in the medical record because no medical opinion limited Mathews to sedentary work, it was inconsistent with available medical opinions, and

conflicting evidence was not resolved. Second, Mathews argued that the ALJ erroneously determined that the back condition did not worsen until after the date last insured (DLI) of June 30, 2014 because Mathews received recommendations for fusion surgery as far back as 2013.

## 2. The Commissioner's Arguments

In his motion, the Commissioner argued that the decision denying benefits was supported by substantial evidence. First, the Commissioner said the RFC determination was sound because the ALJ properly weighed the medical evidence and was not required to wholly adopt any expert's opinion. Second, the Commissioner asserted that Mathews was not disabled prior to the DLI because he was employed in non-sedentary jobs between 2007 and 2014.

## D. The MJRR

The MJRR rejected Mathews' arguments. First, the MJRR determined that the ALJ's rationale for the RFC was adequately explained and supported by the record. The MJRR explained that the ALJ based his finding on an accurate history of Mathews' back problems from 1998 forward, and several of those records undermined Mathews' claim that he was disabled. For example, 2007 records showed that Mathews' had "a normal gait, full muscle strength, and recommend[ed] . . . conservative treatment." Also, even though Mathews reported ongoing back pain, 2012-2013 records showed that he continued to work at a cleaning service, and 2014 records showed that he owned and operated a car dealership full-time. Finally, Dr. Nguyen's consultative examination in 2014 found that Mathews could lift up to 55 pounds. The MJRR also found that the ALJ's RFC of sedentary work with postural restrictions was appropriate despite the fact

that no medical source explicitly limited Mathews to sedentary work. This was because the ALJ factored in Mathews' long-term complaints of back pain, "mild to moderate" diagnostic tests and imaging studies, physical therapy, and the June 2014 microdiscectomy surgery. The MJRR also found that the ALJ's finding that Mathews' back issues were "mild to moderate," despite some severe imaging studies, was well-supported by the record. The MJRR reasoned that the ALJ viewed the diagnostic evidence as a whole, and while imaging studies were sometimes severe, they were also sometimes unremarkable or moderate, and clinical findings were mostly mild. Further, despite spine MRIs in late 2012 and early 2013 showing "severe" stenosis, Mathews described his physical condition as "slight back issues" in January 2013. Thus, because the RFC was supported by the record, and the ALJ's rationale was well explained, Mathews' claim that the RFC lacked a medical opinion supporting sedentary work was ineligible for remand.

Second, the MJRR determined that substantial evidence supported the ALJ's finding that Mathews was not disabled on or before the DLI of June 30, 2014. The MJRR found that the ALJ cited to treating records from July 2014 showing that Mathews' condition improved after his microdiscectomy on June 12, 2014. For example, Dr. Brodkey indicated that Mathews' leg pain disappeared, he regained full strength, and though they had discussed fusion surgery in the past, they both wished to avoid it at that time. Also, the MJRR found that although fusion surgery was recommended prior to the DLI,[1] the ALJ did not ignore this fact because it was included in his summation of the record. Lastly, the MJRR found that prior recommendations of fusion surgery were

---

[1] Specifically, January 2013, April 2013, October 2013, and February 2014.

irrelevant because they did not establish that Mathews was disabled. The MJRR also cited to substantial evidence of Mathews' continuous and full-time work activity during the same period that he was receiving imaging results warranting fusion surgery.

Thus, the MJRR recommended granting the Commissioner's motion, denying Mathews' motion, and affirming the ALJ's decision denying benefits.

### E. Mathews' Objections to MJRR

Mathews has two objections to the MJRR. First, Mathews says the MJ erred in holding that the ALJ properly explained the path taken in arriving at his RFC determination. Mathews argues that while the ALJ cited to medical evidence in the record, he did not explain how other conflicting medical evidence factored into his RFC determination. Mathews says merely mentioning the medical facts was insufficient. Also, Mathews says the ALJ's explanations for the RFC assessment and plaintiff's physical issues were scarce and inadequate.

Second, Mathews says the MJ erred in finding that the ALJ did not improperly assume the role of a medical expert when he formulated an RFC that was not supported by any specific medical opinion. The only expert opinion that provided specific limitations was Dr. Nguyen's examining opinion, which found that Mathews could "lift up to 55 pounds, carry up to 50 pounds, and ambulate 4 blocks." Mathews says that the ALJ substituted Dr. Nguyen's medical opinion for that of his own because sedentary work would not allow for Dr. Nguyen's proposed lifting/carrying limitations.[2] Mathews also cites the ALJ's question to the Vocational Expert; the question was a hypothetical and involved 25 and 50 pound lifting limitations, as evidence that the ALJ

---

[2] 20 C.F.R. § 404.1567(a) defines "sedentary work" as "lifting no more than 10 pounds at a time."

did not adopt Nguyen's conclusions. In addition, Mathews says that by excusing the fact that the RFC was not consistent with any medical source offered, the MJ violated the principle that an ALJ should not make independent medical findings.

## IV. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a *de novo* review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges conduct a *de novo* review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less

than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must consider the entire record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless of whether the ALJ actually cited to the evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Essentially, the district court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

# V. ANALYSIS

Mathews' objections to the MJRR are without merit. Mathews' first objection stems from his original argument for remand, which stated that the ALJ's RFC determination was unsupported by the medical record. (MJRR at 12-13). On objection, Mathews says that the MJ erred in finding that the ALJ's RFC determination was adequately explained because the ALJ merely cited to medical facts, and did not analyze, nor resolve, conflicting evidence. (MJRR at 12). However, Mathews does not cite to any specific conflicting evidence that the ALJ or MJ failed to address. (MJRR at 12-14). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Further, "'objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds) (quoting Miller, 50 F.3d at 380). Thus, because review of Mathews' overly general objection would effectively "relitigate every argument . . . [he] presented to the Magistrate Judge[,]" Brown v. Comm'r of Soc. Sec., No. 12-10882, 2013 WL 1282027, at *3 (E.D. Mich. Mar. 26, 2013), aff'd (Apr. 2, 2014) (unreported) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991), the Court concludes that it is an improper subject for review.

Even if, in the interest of completeness, the Court reviewed Mathews' first objection, the ALJ's RFC explanation is supported by substantial evidence and is a correct application of law to facts. As indicated above, the MJ considered Mathews' argument that the RFC was unsupported by the medical record. (MJRR at 12-15). The

MJ accurately found that the ALJ's RFC adequately analyzed the evidence and resolved inconsistencies appropriately. (MJRR at 15). For example, the ALJ gave specific reasons for assigning less weight to "severe" diagnostic scans from 2012 and 2013, including evidence from the same period of 1) "mostly mild" clinical findings; 2) "unremarkable, moderate, and some severe" imaging studies; and 3) "unremarkable" physical examinations. (MJRR at 6, 10, 14). More importantly, during the same period, the ALJ noted that Mathews characterized his own physical problems as "slight back issues," and continued to work at a cleaning service. (MJRR at 5, 10, 13-14, 17).

The same is true with respect to medical evidence from 2014. The ALJ acknowledged May 2014 treating recommendations for a microdiscectomy, but gave specific reasons for discounting this evidence, including Dr. Nguyen's March 2014 conclusion that Mathews had full strength and could lift up to 55 pounds, and after the microdiscectomy on June 12, 2014 (prior to the DLI), Mathews' condition improved for an "appreciable period," to a point where he was no longer receiving physical therapy. (MJRR at 2-3, 5-6, 10, 13-14, 16). Most notably, during the same period, the ALJ noted that Mathews was employed full-time buying and selling cars at a used car dealership. (MJRR at 6, 10, 13, 17-18). While an ALJ must consider all contested issues in crafting an RFC, a written opinion on each is not required. Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547–48 (6th Cir. 2002). Here, as outlined above, the MJ accurately found that the ALJ considered all medical and non-medical evidence on the contested issues,[3]

---

[3] The MJ found that ALJ "provided an accurate history of [Mathews'] back problems from 1998 forward" and "provided a thorough summation of . . . records from 2007 forward." (MJRR at 13, 17).

and adequately explained the basis for his RFC. (MJRR at 12-15). Thus, even if Mathews' first objection was reviewable, the Court finds that it lacks merit.

Mathews' second objection is also unavailing. Mathews contends that the MJ erred in finding that by weighing the medical and non-medical evidence himself, the ALJ did not improperly assume the role of doctor. (MJRR at 14-15). Mathews says that the ALJ improperly "succumb[ed] to the temptation to play doctor and make his own independent medical findings" because his RFC was a significant departure from the only medical opinion that offered specific limitations, and was entirely inconsistent with all other medical opinions. The Court disagrees. "Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding." Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 157 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)). An ALJ improperly assumes the role of doctor if an RFC is formed without a medical opinion, and is based solely on the ALJ's own interpretation of raw medical evidence. Gross v. Comm'r of Soc. Sec., 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017).

The ALJ's RFC was, at least in part, based on a medical opinion. Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (finding that "the ALJ was not required to base her determination on a medical opinion, [where] substantial evidence, including objective medical evidence, supported her decision"). Unlike in Simpson v. Comm'r of Soc. Sec., 344 F. App'x 181 (6th Cir. 2009), Mathews' treating physicians did not provide opinions on his work limitations that the ALJ might have been tempted to substitute for his own. See, e.g., Perez v. Comm'r of Soc. Sec., No. 2:14-CV-

12403, 2016 WL 8094530, at *2 (E.D. Mich. Sept. 22, 2016) (distinguishing Simpson in finding that "[t]he case is not one in which [the plaintiff] provided a medical opinion and the ALJ substituted her own medical judgment"). Instead, here, the only medical opinion establishing any limitations was provided by Dr. Nguyen, an examining physician. (MJRR at 14). While opinions by examining physicians enjoy greater deference than those by non-examining physicians, they are not entitled to the "controlling weight" afforded to those by a treating physician. Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375 (6th Cir. 2013). As already indicated in response to Mathews' first objection, the ALJ cited Dr. Nguyen's opinion that Plaintiff was capable of performing exertionally medium work in formulating his RFC, and appropriately discounted its weight given its status as a non-treating source and other detracting evidence. (MJRR at 13-14).

The RFC was consistent with Dr. Nguyen's opinion and the record as a whole. The ALJ imposed greater limitations on Mathews' ability to work than did Dr. Nguyen, resulting in an RFC that Mathews could perform only sedentary work, which was an even *more favorable* result for Mathews. See Lashley v. Sec'y, 708 F.2d 1048, 1054 (6th Cir. 1983) ("The Commissioner may not disregard opinions of a consulting physician which are *favorable* to a claimant.") (emphasis added). Thus, even if the ALJ was required to cite a medical opinion exactly in line with his RFC finding, remand would be useless because Mathews cannot cite to any medical opinion stating that a more restrictive RFC was justified. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (finding that claimant bears the burden of proving that an error was actually harmful); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (finding that plaintiff accepts the risk involved when failing to "secure an official [RFC] assessment by

a medical or psychological examiner, and simply rel[ying] on other evidence to prove his impairments"). Because no medical opinion found an RFC more restrictive than that of the ALJ's, he properly relied on Dr. Nguyen's opinion insofar as it was consistent with the entire medical record. (MJRR at 14-15). Thus, the MJ correctly found that the ALJ's RFC was not based merely on "bare medical findings," 20 C.F.R. § 404.1567(a), and was supported by substantial evidence. (MJRR at 14). The Court rejects Mathews' second objection.

## VI. CONCLUSION

For the reasons stated above, the MJRR is ADOPTED, Mathews' objections are OVERRULED, Mathews' motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and the ALJ's decision denying benefits is AFFIRMED. The ALJ's decision is supported by substantial evidence and will not be disturbed.

SO ORDERED.


s/Avern Cohn

AVERN COHN

UNITED STATES DISTRICT JUDGE


Dated:  March 6, 2018